**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division**

| | | |
|---|---|---|
| **RONALD J. SCHILLING, et al.** | * | |
| Plaintiffs, | * | CIVIL NO.  16-cv-02498 TDC |
| v. | * | |
| **SCHMIDT BAKING COMPANY, INC.** | * | |
| Defendant. | * | |

\*       \*       \*       \*       \*       \*       \*       \*       \*       \*

**MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION
FOR EQUITABLE TOLLING OF THE STATUTE OF LIMITATIONS**

Defendant Schmidt Baking Company, Inc. ("Schmidt") submits the following Memorandum in Opposition to the Plaintiffs' Motion for Equitable Tolling of Statute of Limitations.

**Introduction and Procedural History**

Plaintiffs Ronald J. Schilling, Russell E. Dolan and Jonathan A. Hecker filed this action against Schmidt on July 6, 2016, alleging that in formerly working as District Sales Managers ("DSMs") for Schmidt, they had been denied overtime pay in violation of the Fair Labor Standards Act ("FLSA"), the Maryland Wage and Hour Law ("MWHL"), and the Maryland Wage Payment and Collection Act ("MWPCA").  The case was brought on behalf of themselves and a class of other DSMs under both 29 U.S.C. § 216 and Rule 23 F. R. C P.  On July 27, 2016, Schmidt moved to dismiss or for summary judgment. Schmidt contended that because Plaintiffs claimed regularly to have performed delivery work in their positions, they were not entitled to overtime pay by virtue of the Motor Carrier Act ("MCA") exemption to both the FLSA as well as to the MWH.

On September 23, 2016, Judge Motz granted the motion, and Plaintiffs appealed. On November 17, 2017, the Fourth Circuit affirmed in part and vacated in part. The Fourth Circuit affirmed the dismissal of Plaintiffs' claims under state law and vacated Judge Motz dismissal of the FLSA claims. No stay was ever issued in the case. The Court remanded to this Court for proceedings consistent with its ruling. The Plaintiffs have recently added two new Plaintiffs who assert that they left the Company in 2016 and 2017. Plaintiffs Motion for Conditional Certification at Exhibits 5 and 6. Doc 26. For the first time on February 26, 2018, Plaintiffs filed their motion for equitable tolling of the statute of limitations.. For the reasons discussed below, equitable tolling is not appropriate in this case; and Plaintiffs' motion should be denied.

### **Legal Standard**

The equitable tolling "doctrine has been applied in two generally distinct kinds of situations. In the first, the plaintiffs were prevented from asserting their claims by some kind of wrongful conduct on the part of the defendant. In the second, extraordinary circumstances beyond plaintiffs' control made it impossible to file the claims on time." *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000) (citation omitted). "[A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." *Id*. Equitable tolling "must be reserved for those rare instances where-due to circumstances external to the party's own conduct-it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id*.

"Equitable tolling is a rare remedy available only where the plaintiff has "exercise[d] due diligence in preserving [his] legal rights." *Cruz v. Maypa*, 773 F.3d 138, 145 (4th Cir. 2014) (citation omitted). "The circumstances under which equitable tolling has been permitted are

2

therefore quite narrow. . . [involving] situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Chao v. Virginia Dep't of Transp.*, 291 F.3d 276, 283 (4th Cir. 2002).

## Argument

## Equitable Tolling is A Rare Remedy Not Warranted In This Case.

In their motion, Plaintiffs assert no misconduct by Schmidt. They claim instead that delay due to Schmidt's motion to dismiss is an extraordinary circumstance beyond the control of potential class members and justifies tolling from the date it was filed on July 27, 2016. Plaintiff's motion is unfounded because (1) Plaintiffs cannot request tolling for unspecified potential plaintiffs who have not opted in, (2) the filing of Schmidt's motion to dismiss, which was partially affirmed, was a routine act of litigation and not an extraordinary circumstance; and (3) potential putative class member could have preserved their claims and thus require no extraordinary equitable intervention (4) seeking equitable tolling in these circumstances would defeat class certification and the need for such class-based relief.

1. Plaintiffs' Cannot Request Tolling For Unspecified Potential Plaintiffs.

In their motion Plaintiffs seek to toll the statute of limitation for an unspecified group of potential plaintiffs who have not opted in, and presumably on behalf of the two they have just added. *See generally* Plaintiffs' Memorandum in Support of their Motion for Equitable Tolling of the Statute of Limitation ("Pls. Mem. Equitable Tolling"). Plaintiffs are not permitted to make such a request because they do not represent these unspecified potential plaintiffs. *See Atkinson v. TeleTech Holdings, Inc.*, No. 3:14-CV-253, 2015 WL 853234, at *8 (S.D. Ohio Feb. 26, 2015) ("In contrast to a class action lawsuit brought under Federal Rule of Civil Procedure 23, the

named plaintiffs in an FLSA collective action do not represent anyone other than themselves[… and] have no authority to move to equitably toll the claims of the potential opt-in plaintiffs."); *Cameron-Grant v. Maxim Healthcare Servs., Inc.*, 347 F.3d 1240, 1249 (11th Cir. 2003)(the named plaintiffs in a section 216(b) action have "no right to represent" potential opt-in parties.); *Leigh v. Bottling Grp., LLC*, No. CIV.A. DKC 10-0218, 2012 WL 460468, at *6 (D. Md. Feb. 10, 2012) ("the collective action provision of the FLSA"is a fundamentally different creature than the Rule 23 class action. Even if the [FLSA] plaintiff can demonstrate that there are other plaintiffs 'similarly situated' to him...he has no right to represent them.").

2. <u>Defendant's Filing of its Motion to Dismiss Does Not Justify Tolling of the FLSA Statute of Limitations.</u>

Equitable tolling must also be denied because the alleged justification for it -- delay resulting from Schmidt's motion to dismiss and Plaintiffs' only partially successful appeal -- is not an "*extraordinary circumstance*" beyond the putative members' control. *See* Pls. Mem. Equitable Tolling at 6-7.  Courts in this circuit and elsewhere routinely reject mere litigation delay as a basis for tolling. *See LaFleur v. Dollar Tree Stores, Inc.*, No. 2:12-CV-00363, 2012 WL 4739534, at *5 (E.D. Va. Oct. 2, 2012) (the Court finding that Plaintiffs had not provided any extraordinary circumstance that justifies equitable tolling in this case when Plaintiffs attempted to rely upon litigation-related delays.); *See MacGregor v. Farmers Ins. Exch.*, No. 2:10-CV-03088, 2011 WL 2731227, at *2 (D.S.C. July 13, 2011) (the Court rejecting Plaintiffs argument that defendant's motion to dismiss constituted "extraordinary circumstances" in which tolling would be appropriate.); *Sandoz v. Cingular Wireless, L.L.C.*, 700 F. App'x 317, 321 (5th Cir. 2017)(the Court finding unavailing Plaintiff's assertion that defendant's litigation strategy was an extraordinary circumstance that prevented timely filing.); *Robinson v. RWLS, LLC*, No. SA-16-CA-00201-OLG, 2017 WL 1535072, at *2 (W.D. Tex. Mar. 14, 2017) ("The filing of

motions to dismiss and inevitable court delays are part of routine litigation which, by definition, do not equate with extraordinary circumstances."); *Vaughn v. Oak St. Mortg., LLC*, No. 505CV311OC10GRJ, 2006 WL 890071, at *2 (M.D. Fla. Apr. 3, 2006)("Standing alone, ordinary delays in the judicial system are routine and not considered extraordinary.").

Moreover, even if litigation delay were ever a justification for tolling, Schmidt's motion to dismiss was in part prompted by inclusion of state claims which were found by both the trial court, and the Fourth Circuit, to have lacked merit, and were properly rejected. Delay arising at least in part from Plaintiffs having included meritless claims on behalf of themselves and class members, and requiring time necessary to address and dispose of them, clearly does not qualify as an extraordinary circumstance, nor a situation creating any inequity in relation to Plaintiffs and the putative class member.

The authorities Plaintiffs cite fail to support their motion. In *Rouse v. Lee*, 339 F.3d 238, (4th Cir. 2003) (*en banc*), the Fourth Circuit noted the limitation period in the Antiterrorism and Effective Death Penalty Act of 1996 theoretically could be subject to equitable tolling in extraordinary situations, but had no difficulty denying its application in far more urgent and compelling circumstances than here, to a death-row inmate claiming delay from incompetent counsel and medical problems. The Court also stressed that "any resort to equity <u>must be reserved for those rare instances</u> where-due to circumstances external to the party's own conduct - <u>it would be unconscionable to enforce the limitation period</u> against the party and <u>gross</u> injustice would result." *Id.* at 247. Mere delay from adjudication of a garden-variety Rule 12(b)(6), the pursuit of which was partially vindicated on appeal, hardly rises that level.

Plaintiffs' reliance on *Stransky v. HealthONE of Denver, Inc.*, 868 F. Supp. 2d 1178 (D. Colo. 2012) is equally misplaced. That decision cited to one federal case from District of Kansas

in which the court inferred that the "unique circumstances of FLSA collective action can justify tolling." *Stransky*, 868 F. Supp. 2d at 1181.  However, *Stransky* is not binding and is refuted by courts in this circuit rejecting its assumption that "the FLSA's statute of limitations itself is an extraordinary circumstance." *LaFleur*, 2012 WL 4739534 at \*6; *see also MacGegor* 2011 WL 2731227 at \*1 (D.S.C. July 13, 2011 ("The fact that a statute creates procedural requirements that limit some potential claimants' participation in a suit, standing alone, is insufficient to toll the statute of limitations."

    3. <u>Putative Class Members Could Have Preserved Their Claims.</u>

Plaintiffs' motion is further unfounded because neither the putative class members nor two new opt-ins have been impeded in preserving their claims.  Plaintiffs contend that the putative class members' claims would have been preserved but for Schmidt's motion for dismissal and the time associated with the appeals process. *See* Pls. Mem. Equitable Tolling at 7.  Plaintiffs also claim that these circumstances were not due to any inaction on part of the putative class. *Id.*  As discussed above, however, the delay was due to a motion to dismiss that in part successfully eliminated meritless claims filed on the class members' behalf.  Delay from excision of defective counts can hardly be deemed an "extraordinary circumstance", much less one requiring equitable intervention against Schmidt's, rather than the Plaintiff's and class members' interest.

Plaintiffs' argument is also based on the erroneous premise that joining this case was the only way to preserve putative class members' claims and was foreclosed during the appeal.  The proper focus of equitable tolling, however, is not whether joinder in a *particular* case was possible, but whether a timely claim was prevented in any form. *See Sandoz v. Cingular Wireless, L.L.C.*, 700 F. App'x 317, 321 (5th Cir. 2017)("Equitable tolling, however, focuses on

whether an external obstacle "prevented timely filing," not on whether an external obstacle prevented timely filing *in a specific suit*.")(emphasis in original).

Joining this case was not the only way the putative class members could have preserved their claims. These putative class members could have filed their own lawsuit for the express purpose of preserving their causes of action. *See Faust v. Comcast Cable Commc'ns Mgmt., LLC*, No. CIV.A. WMN-10-2336, 2013 WL 1395933, at *4 (D. Md. Apr. 3, 2013) (declining to toll the statute of limitations for a putative plaintiff and noting that the putative plaintiff was not prevented from filing his own lawsuit.). They were on inquiry notice of their claims, knowing the hours they worked and the nature of the job and were no less able than the Plaintiffs themselves to have sought counsel and brought suit or to have done so *pro se*. No showing has been made of reasonable diligence on their part.

Additionally, Plaintiffs claim that absent the requested tolling many potential members' claims have already been lost. Pls. Mem. Equitable Tolling at 6. This argument is unavailing as the purpose of the equitable tolling doctrine is not to revive expired claims that could have been brought. Courts have declined to revive and extend limitations period in cases where putative plaintiffs neglected to pursue their FLSA claims until after the statute of limitations on their claims had expired. *See In re Tyson Foods, Inc.*, No. 4:07-MD-1854 (CDL), 2008 WL 4613654, at *3 (M.D. Ga. Oct. 15, 2008)( the Court denying the motion for equitable tolling where each potential claimant had the opportunity to file an individual action to vindicate his or her legal rights under FLSA.); *Switzer v. Wachovia Corp.*, No. CIV.A. H-11-1604, 2012 WL 1231743, at *1 (S.D. Tex. Apr. 12, 2012)(the Court denying equitable tolling after Plaintiffs argued for tolling of an expired statute of limitations.).

Indeed, this Court has refused to toll the statute of limitations in a case like this where a period of time has passed after filing of a motion to dismiss and an appeal, when a plaintiffs have neither previously filed a motion for conditional certification nor a prior equitable tolling motion or a stay. Harbourt v. PPE Casino Resorts of Maryland, 2017 WL 281992, (D.Md. Jan. 23, 2017). In that case Judge Blake noted that the plaintiffs could have tried to seek a stay or additional plaintiffs during the procedural delay and failed to do so. This lack of due diligence was fatal to the tolling motion. *Id*. at *3.. The Court also noted that such procedural delays are not extraordinary in nature. *Id.*

In sum, given the ready ability of the putative class members to pursue and preserve their own claims, not extending the limitations period, by use of the rarely applicable intervention of tolling, would neither be "unconscionable" or create any "gross injustice," but simply impose the normal obligation upon would-be litigants not personally to sleep on their potential rights. *Rouse*, 339 F.3d at 247.

4. <u>Equitable Tolling Would Require Individualized Adjudications</u>

Further undermining Plaintiffs' request for equitable tolling is that fact that it is made on behalf of a putative class for which conditional certification is being simultaneously sought. Whether putative class members were entitled to equitable tolling would depend, at a minimum, on their personal circumstances and individual situations. For example, those putative class members who were contacted by the Plaintiffs or their counsel in any effort initially to enlarge the number of original plaintiffs, or were contacted by them in the meantime for support, or for seeking evidence, would fully have been on express notice of their potential rights and could have brought suit, assuming that garden-variety notice were insufficient. Those putative class members who otherwise were aware of related FLSA litigation in delivery settings would

likewise be chargeable with having sat on their rights. The need for individualized evidence and adjudication of these issues undermines conditional certification of the class, with in turn eliminates the need for equitable tolling of class members' claims because the underlying class claims would be unmanageable. As noted by this Court in *Syrja v. Westat, Inc.*, 756 F. Supp. 2d 682, 688 n. 9 (D. Md. 2010):

> Syrja's request that the Court equitably toll the statute of limitations on the FLSA claims of as yet unidentified putative class members, so as to relieve them of the consequences of "delays" resulting from prior stages of this litigation suggests yet another individualized layer of inquiry that would make certification of the class unwieldy. As a rule, unknown prospective plaintiffs in a proposed class action are not entitled to equitable tolling absent a showing of extraordinary or unusual circumstances. Here, the Court would have to inquire into whether extraordinary or unusual circumstances exists as to each of an indeterminate number of proposed class members.

(Emphasis added).

In support of their proposed order relating to conditional certification, Plaintiffs have included certain allegedly "curative" measures supposedly prompted by statements of a retired Schmidt Vice President who allegedly warned a group of approximately twelve Schmidt District Sales Managers against joining the suit. See Motion at 13 -14 and Declaration of Michael Mcewen. Understandably, Plaintiffs have not cited any such conduct as a basis for equitable tolling because it would clearly raise individualized issues concerning who claims to have heard the statements and what their reactions supposedly were. In addition, alleged class members who had left Schmidt before this statement was allegedly made, would not be entitled to equitable tolling.[1] In any event, the allegations about the statements are disputed and cannot be resolved on motion. See Exhibits 8, 1 and 5 to Schmidt's Opposition to Plaintiffs' Class

---

[1] In addition, the new Plaintiffs who were recently added to this lawsuit assert in their Declarations Exhibits 5 and 6 to the Motion for Conditional Certification that they left the Company long before this tolling motion was filed, and should not be rewarded for sitting on their rights well after any alleged fear for their jobs would have had any impact.

Certification Motion. As Judge Messite pointed out in *Syrja*, the same need for individualized consideration is required for equitable estoppel in connection with litigation delays in general, and Plaintiffs first seeking it in conjunction with a motion for conditional certification is self-defeating.

## Conclusion

Equitable tolling should be denied because Plaintiffs do not have the authority to request equitable tolling on behalf of unspecified potential plaintiffs. Additionally, Plaintiffs have put forth no extraordinary circumstances that warrant equitable tolling. Putative class members could have but failed to preserve their claims. Lastly, seeking tolling in conjunction with a motion for conditional certification undermines class treatment. Defendant therefore respectfully requests that equitable tolling be denied as such a rare remedy is not appropriate in this case.

Respectfully submitted,

**Miles & Stockbridge P.C.**

　　　/s/ *Kathleen Pontone*
Kathleen Pontone
Anthony Kraus
Amber Jackson
Miles & Stockbridge P.C.
100 Light Street
Baltimore, Maryland 21202
Tel: (410) 727-6464
Fax: (410) 385-3700
kpontone@milesstockbridge.com
akraus@milesstockbridge.com
ajackson@milesstockbridge.com

*Counsel for Appellee Schmidt Bakery Inc.*

## CERTIFICATE OF SERVICE

I **HEREBY CERTIFY** that on this 12th day of March, 2018, a copy of the foregoing **Memorandum in Opposition to Plaintiffs' Motion for Equitable Tolling of the Statute of Limitations** was sent via ECF, to:

Benjamin Davis, Esq.
James A. Lanier, Esq.
bdavis@nichollaw.com
The Law Offices of Peter T. Nicholl
36 South Charles Street, Suite 1700
Baltimore, Maryland 21201

*Attorney for Plaintiffs*

*/s/ Kathleen Pontone*
Kathleen Pontone